**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PAUL THOMAS WITMER,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-14-2468 |
| v. : | |
| : | (Judge Caputo) |
| **STEPHEN GLUNT,** *et al.*, : | |
| : | |
| **Respondents** : | |

**M E M O R A N D U M**

**I.    Introduction**

Inmate Paul Thomas Witmer is confined at the Houtzdale State Correctional Institution in Houtzdale, Pennsylvania. Proceeding without counsel, Mr. Witmer has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 15, 2011, Mr. Witmer was sentenced to five to fifteen years' imprisonment after pleading guilty to one count of involuntary deviate sexual intercourse involving a minor. *See Commonwealth v. Witmer*, CP-50-CR-0000476-2010 (Pa. Ct. Com. Pl. Perry Cnty).[1]

In his Petition, Mr. Witmer contends that he is confined absent a valid sentencing order. Respondents argue Mr. Witmer's Petition is untimely and fails to advance a cognizable federal habeas claim.

---

[1] The Court takes judicial notice of the trial court's docket sheet in Mr. Witmer's criminal case which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

For the reasons that follow, the Petition will be denied without the Court issuing a certificate of appealability.

## II.  Background

On June 23, 2011, Mr. Witmer plead guilty to Involuntary Deviate Sexual Intercourse. (Doc. 1, ECF p. 15.) After Mr. Witmer was found not to be a sexually violent predator, the trial court sentenced him on September 15, 2011, to a minimum of five years and a maximum of 15 years' imprisonment.  He did not file a direct appeal.  (*Id*.)

On August 27, 2012, Mr. Witmer filed a *pro se* petition pursuant to the Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CON. STAT. ANN. §§ 9541 - 9546.  Court-appointed counsel then filed an amended PCRA petition on October 2, 2013.  A PCRA hearing was held on October 31, 2013.  Following the hearing the trial court dismissed the Petition. (*Id*.)  A timely appeal followed.  (*Id*., ECF p. 15.)

On appeal, Mr. Witmer presented the following claims for review:

> The court erred in denying [Witmer's] requested relief as his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution to due process and to effective performance of counsel was violated because the failure of the court to enter upon the record a judgment of sentencing order that contains the mandated Sentencing Codes as required by law resulting the petitioner remaining continuously un-sentenced years [sic] beyond the 90 days that a sentence must be imposed after a conviction or the entry of a plea of guilty or *nolo contendere*, and former defense counsel provided deficient performance in not preserving these issues.

(*Id*., ECF p. 17.)  His argument had several components.  First, Mr. Witmer argued the trial court improperly imposed a sentence without first ordering a psychiatric evaluation.  The Pennsylvania Superior Court dismissed this claim as meritless since "there is no *per se*

requirement that a court order a psychological evaluation prior to sentencing a defendant." (*Id.*, ECF p. 17.)  Pennsylvania state courts have the discretion to order a mental health evaluation for a defendant when appropriate given the circumstances.  *See* 50 P.S. § 7405;[2]  *Commonwealth v. Petterson*, 49 A.3d 903 (Pa. Super. 2012).  As Mr. "Witmer's mental health was never called into question ... the trial court did not abuse its discretion by not ordering a mental health evaluation."  (Doc. 1, ECF p. 18.)  Next, Mr. Witmer argued that he was not sentenced to total confinement as required by 42 PA. CON. STAT. ANN. § 9721[3] and, for this reason, the Pennsylvania Department of Corrections (DOC) could

---

[2]  Section 7405.  Examination of person charged with crime as aid in sentencing

> Examination Before Imposition of Sentence. Whenever a person who has been criminally charged is to be sentenced, the court may defer sentence and order him to be examined for mental illness to aid it in the determination of disposition. This action may be taken on the court's initiative or on the application of the attorney for the Commonwealth, the person charged, his counsel, or any other person acting in his interest. If at the time of sentencing the person is not in detention, examination shall be on an outpatient basis unless inpatient examination for this purpose is ordered pursuant to the civil commitment provisions of Article III.

[3]  Section 9721 provides, in pertinent part,

> (a) General rule.– In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
> (1) An order of probation.
> (2) A determination fo guilty without further penalty.
> (3) Partial confinement.
> (4) Total confinement.
> (5) A fine.
> (6) County intermediate punishment.
> (7) State intermediate punishment.

42 PA. CONS. STAT. ANN. § 9721(a).

not accept custody of him pursuant to 42 PA. CON. STAT. ANN. § 9762.[4] The Superior Court found Mr. "Witmer's semantic-based argument [ ] misguided." (Doc. 1, ECF p. 19.)

> The trial court sentenced Witmer to serve a period of five to fifteen years' in a state correctional institution. N.T. Sentencing, 9/15/11, at 17. This qualifies as total confinement. Moreover, because the court sentenced Witmer to a period greater than five years the Department of Corrections correctly accepted custody. 42 Pa.C.S. § 9762(a)(1).

(*Id*., ECF p. 19.) The appellate court denied Mr. Witmer's ineffective assistance of counsel claim based on the lack of merit of the underlying claims. (*Id.*) Finally, Mr. Witmer's claims that the sentencing court failed to comply with Rule 704 of the Rules of Criminal Procedure by not sentencing him within ninety days of his guilty plea, and that he still lacks a valid sentencing order, were found baseless. "[T]he court sentenced Witmer within ninety days of his guilty plea and there is nothing in the record to suggest that his sentence is illegal." (*Id*., ECF p. 20.) On July 14, 2014, the Superior Court affirmed the dismissal of the PCRA petition. (*Id*., ECF pp. 14 - 20.) On November 25, 2014, the Supreme Court of

---

[4] Section 9762 provides, in pertinent part:

> [A]ll persons sentenced to total or partial confinement for the following terms shall be committed as follows:
>
> (1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.
>
> (2) Maximum terms of two years or more but less than five years may be committed to the Department of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court.
>
> (3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 PA. CONS. STAT. ANN. § 9762(a).

Pennsylvania denied his petition for allowance of appeal. *See Commonwealth v. Witmer*, 628 Pa. 631, 104 A.3d 4 (Nov. 25, 2014, Table).

Mr. Witmer commenced the instant federal habeas corpus action on December 19, 2014. (Doc. 1, Pet.) He argues that the sentencing "judge rejected the mandated law enacted by the Legislature and imposed the following terms of imprisonment with total disregard and rejection of 37 Pa. Code § 91.3,[5] 42 Pa. C. S. § 9764[6] and 42 Pa. C.S. § 9762." (Doc. 2, ECF pp. 2 - 3.) He translates the trial court's failure to follow Pennsylvania rules of criminal procedure and statutory rules into due process violations. (*Id.*, ECF pp. 4 - 5.) He argues that he could not be subject to a sentence of "total confinement" without a pre-sentence psychiatric evaluation. (*Id.*, ECF p. 3.) He suggests that because the trial court did not order such an examination it could not sentence him to a term of "total confinement" (42 PA. CONS. STAT. ANN. § 9721(a)) and without a proper sentencing order the DOC could not lawfully receive him pursuant to 37 Pa. Code § 91.3. (*Id.*, ECF p. 3.) He also claims the trial court's failure to enter a lawful sentence within ninety days of his guilty plea as required by Pa. R. Crim. P. 704 and his Sixth Amendment rights under the "Speedy Trial Clause" have been violated. (*Id.*, ECF pp. 5 - 6.)

---

[5]  Section 91.3 provides, in pertinent part

> The Department will accept and confine those persons committed to it under lawful court orders which conform to 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement) when information has been provided to the Department as required by 42 Pa.C.S. § 9764 (relating to information required upon commitment and subsequent disposition).

[6]  This section relates to information, including a sentencing order, that is to be transferred to the Pennsylvania DOC upon commitment of an inmate to its custody.

Respondents argue the Petition is untimely, or alternatively, asserts violations of state law which this Court cannot consider. (Doc. 8, Answer.)

### III.  Standards of Review

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996), went into effect and amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254.  A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).  Federal habeas relief is not available for errors of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 - 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).  "To receive review of what otherwise amounts to nothing more than an error of state law, a Petitioner must argue not that it is wrong, but that it is *so* wrong, so surprising, that the error violates principles of due process." *Brooks v. Zimmerman*, 712 F. Supp. 496, 498 (W.D. Pa. 1989).

The AEDPA also established a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by

the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003).

In Pennsylvania, a criminal defendant has thirty days from the date of sentencing to file a direct appeal with the Superior Court of Pennsylvania. *See* Pa. R. App. P. 903. A defendant has thirty days after the superior court renders its decision to file an appeal with the Pennsylvania Supreme Court. *See* Pa. R. App. P. 1113(a). A defendant then has the right to seek certiorari review in the United States Supreme Court within ninety days of the Pennsylvania Supreme Court's decision. A criminal judgment does not become "final" until the ninety-day period for seeking such review expires, even if review is not sought. *See* 42 PA. CONS. STAT. ANN. § 9545(b)(3); *see also Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

The one-year limitations period is statutorily tolled while a properly filed application for state post-conviction or other collateral review is "pending." 28 U.S.C. § 2244(d)(2); *Pace v. Diguglielmo*, 544 U.S. 408 (2005). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for *writ of certiorari* in the United States Supreme Court from the denial of his state post-conviction petition. *Stokes v. Dist. Attorney of the Cnty of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). Under the PCRA, a petitioner must

file for PCRA relief within one year of the date the judgment becomes final. 42 PA. CONS. STAT. ANN. § 9545(b)(1).

IV. **Discussion**

    A. **Mr. Witmer's Petition is Timely**

Respondents' assertion that Mr. Witmer's Petition is untimely is incorrect. Respondents' analysis of the limitations period does not take into consideration the statutory tolling effect of Mr. Witmer's properly filed PCRA petition. *See* Doc. 8.

Mr. Witmer's judgment of conviction became final on October 17, 2011, the expiration of the thirty-day period for filing an appeal with the Pennsylvania Supreme Court.[7] The one-year statute of limitations began running on that date. Accordingly, Mr. Witmer had until October 18, 2012, to file a timely federal habeas petition. As his habeas petition was filed on December 12, 2014, it is untimely unless the limitations period was tolled.

Mr. Witmer filed his PCRA petition on August 27, 2012, approximately three hundred and fifteen days into the federal limitations period. Fifty days of the federal limitations period remained. Pursuant to Section 2244(d)(2), Mr. Witmer's federal habeas limitations period was tolled from August 27, 2012 until November 25, 2014 when the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Stokes*, 247 F.3d at 542 (time during which state prisoner may file *certiorari* petition in the United States Supreme Court from denial of state post-conviction petition does not toll statute of limitations). At that point Mr. Witmer had

---

[7] Mr. Witmer was sentenced on September 16, 2011. He did not file a direct appeal. *See* Doc. 8-1.

fifty days, or until January 14, 2015, to file his habeas petition. As his Petition was filed on December 12, 2014, it is timely.

### B.     Mr. Witmer's Petition Fails to State a Cognizable Habeas Claim.

Mr. Witmer seeks release from custody because the trial court improperly imposed a term of five to fifteen years' "imprisonment with total disregard and rejection of 37 Pa. Code § 91.3, 42 Pa. C. S. § 9764 and 42 Pa. C.S. § 9762." (Doc. 2, ECF pp. 2 - 3.) As noted above, he claims he is still without a valid sentencing order because the trial court did not use the proper lingo when pronouncing his sentence ("term of imprisonment" rather than "total confinement") and that without a valid sentencing order the DOC is not authorized to hold him. He claims these errors violate his due process rights and his Sixth Amendment right to a "speedy" sentence. (*Id*., ECF pp. 2 - 6.) The fact that Mr. Witmer now purports to characterize his claims within the federal constitution does not make those claims cognizable on federal habeas review as they are premised on state court sentencing errors.

As noted earlier, claims based on errors of state law are not cognizable on federal habeas review. *Estelle,* 502 U.S. at 67 - 8, 112 S.Ct. at 480; *Wells v. Petsock*, 941 F.2d 253 (3d Cir.1991). The Third Circuit Court of Appeals has held that alleged defects in a state court's sentencing procedure that sound in state law do not present a cognizable federal habeas claim. *See Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in federal courts." *Wilson,* 562 U.S. at 5, 131 S.Ct. at 16. Moreover, a petitioner may not transform a state law violation into a federal constitutional claim by simply recharacterizing it as a due process violation when the allegation, in reality, is an alleged error

of state law. *See Lazaridis v. Wehmer*, 591 F.3d 666, 671 n. 6 (3d Cir. 2010) ("we do not construe the alleged misapplication of state law as violative of substantive federal due process"); *Rivera v. Illinois*, 556 U.S. 148, 158, 129 S.Ct. 1446, 1454, 173 L.Ed.2d 320 (2009) ("The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial.") (internal quotations and citations omitted).

In this instance, the state court reviewed each of Mr. Witmer's state law claims and found them to be without merit. Nonetheless, assuming *arguendo* that a violation of state law occurred, a "mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558, 1568 n. 21, 71 L.Ed.2d 783 (1982). Here, Mr. Witmer has failed to demonstrate how the trial court's errors rendered his guilty plea or sentencing fundamentally unfair.

First, the Superior Court found Mr. Witmer's "semantic-based argument" misguided. (Doc. 1, ECF p. 19.) This Court agrees. Mr. Witmer is not challenging the trial court's jurisdiction to sentence him, or whether his five to fifteen year sentence was disproportionate or otherwise unfair. He also does not challenge the fact that he was ordered to serve his sentence "in a state correctional institution." (Doc. 2, ECF p. 3.) He simply challenges the trial court's failure to invoke the statutory language of "total confinement" in its oral pronouncement of his sentence. This is a game of semantics and Mr. Witmer has not shown how this alleged error violates principles of due process.

Likewise, his claim that the DOC holds him without a valid sentencing order does not state a due process violation. Again, Mr. Witmer's argument is one of form over substance. He does not dispute that he was ordered to serve his sentence in a state correctional

Case 3:14-cv-02468-ARC-PT   Document 16   Filed 05/24/16   Page 11 of 13

institution or the challenge the length of his sentence. His summary challenge to the DOC's authority to detain him because of the sentencing court's pronouncement of his sentence does not suggest that this error violates principles of due process. Moreover, as the Superior Court pointed out, by operation of 42 PA. CONS. STAT. ANN. § 9762(a)(1), because his maximum sentence of imprisonment is for more than five years, the DOC correctly holds him in custody pursuant to a valid sentencing order. Again, Mr. Witmer has failed to demonstrate a due process violation by this alleged error of state law.

To the extent Mr. Witmer seeks to assert a Sixth Amendment claim based on the trial court's failure to timely sentence him as required by Pa. R. Crim. P. 704, this claim is also meritless. First, the Sixth Amendment does not require a defendant to be brought to trial/sentenced within any specific time period.[8] *See Burkett v. Cunningham,* 826 F.2d 1208, 1220 (3d Cir. 1987) (holding that the Speedy Trial Clause of the Sixth Amendment protects the right to speedy sentencing);[9] *Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 2187 - 88 33 L.Ed.2d 101 (1972). Instead, the Supreme Court has acknowledged that delays approaching one year are sufficient to trigger analysis of additional factors to assess whether a defendant has been deprived of his due process rights to prompt sentencing. *Doggett v. United States*, 505 U.S. 647, 652 n.1, 112 S.Ct. 2686, 2691 n.1, 120

---

[8] The Superior Court did not address Mr. Witmer's claim that delayed sentencing violated his right to a speedy trial under the federal constitution. *See* Doc. 1, ECF pp. 14 - 20. Further, Respondents have not argued that this claim is procedurally defaulted and this Court declines to address the question of procedural default *sua sponte.* See *Smith v. Horn*, 120 F.3d 400, 409 (3d Cir. 1997). Nevertheless, the Court will review this claim *de novo* rather than under the deferential standard of review required by 28 U.S.C. § 2254(d).

[9] The Supreme Court recently granted *certiorari* in a case to address whether the Sixth Amendment's speedy trial protections extend through the sentencing phase. *See Betterman v. Montana*, —— U.S. ——, 136 S.Ct. 582, 193 L.Ed.2d 464 (2015).


L.Ed.2d 520 (1992). Under the *Barker* test, the Court balances four factors to determine whether the Sixth Amendment right to a speedy trial/sentencing has been violated. 505 U.S. at 651, 112 S.Ct. at 2690. They are: (1) whether the delay before trial/sentencing was uncommonly long; (2) whether the Government or the defendant is more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as the delay's result. *Id*. In this case, it is undisputed that Mr. Witmer pled guilty on June 23, 2011 and he was sentenced on September 15, 2011. Thus, he only experienced an eighty-four day "delay" in sentencing. (Doc. 1, ECF p. 11.) The fact that he believes he does not yet have a valid sentencing order in place because he disagrees with the trial court's sentencing language does not negate the Superior Court's finding that the trial "court sentenced Witmer within ninety days of his guilty plea and there is nothing in the record to suggest that his sentence is illegal." (*Id*., ECF p. 20.) Here, the Court need not look at the other remaining *Barker* factors as the eighty-four day "delay" in Mr. Witmer's sentencing is not extraordinarily long. Additionally, Mr. Witmer has not shown that he was substantially prejudiced as a result of this "delay" or otherwise resulted in a denial of fundamental fairness. Unequivocally, Mr. Witmer was sentenced to "undergo imprisonment in a state correctional institution for a period of not less than 5 years, no more than 15 years". (Doc. 2, ECF p. 3.) He does not argue that there is any discrepancy between the sentencing court's oral pronouncements and the sentence he is actually serving, or that he is being held beyond his maximum sentence. Accordingly, Mr. Witmer's Sixth Amendment speedy sentencing claim, based on the sentencing court's failure to comply with state law, cannot be considered by the Court. Nonetheless, he has failed to demonstrate the alleged state law error is so egregious as to amount to independent due process violation.

**V.    Conclusion**

Based on the foregoing, the Court will deny Mr. Witmer's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This showing is satisfied when the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003).  The Court has concluded that the instant Petition does not warrant habeas relief.  Reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability because Mr. Witmer has not made a substantial showing of the denial of his constitutional rights.  *See Slack v. McDaniel*, 529 U.S. 473, 483 - 84, 120 S.Ct. 1595, 1603 - 04, 146 L.Ed.2d 542 (2000).

Mr. Witmer is advised that he has the right for thirty (30) days to appeal this Court's order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the Third Circuit Court of Appeals.  *See* FED. R. APP. P. 22; Local Rule of App. P. 22.1.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: May 23, 2016**